UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AARON MOULTRIE,<br><br>    Plaintiff<br><br>v.<br><br>WALMART, et. al.,<br><br>    Defendants | Case No.: 3:21-cv-00379-MMD -WGC<br><br>**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE**<br><br>Re: ECF Nos. 1, 1-1 |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1).

After a thorough review, it is recommended that the IFP application be granted, but that Plaintiff's complaint be dismissed as frivolous.

**I. IFP APPLICATION**

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP].

The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee; therefore, the application is granted.

## II. SCREENING

**A. Standard**

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff's complaint names Walmart, "Floyd" and "Stephanie" as defendants. (ECF No. 1-1 at 2, 3.)

Plaintiff states that he filed two civil matters regarding "Floyd" and that "Stephanie" is related to the "main person" in the other cases he has filed: 3:21-cv-00264-MMD-CLB and 3:21-cv-00333-MMD-WGC. He states that "they" have both been stealing my mail and blocking my emails, and that several reports have been made with locals and with his phone carrier, T-Mobile.

3

Plaintiff alleges that a Vallejo Police Officer made the report because Plaintiff was scheduled to have surgery for a spy device which Floyd and his accomplice placed on Plaintiff during a colonoscopy in California in 2006. He then references another report made with Apple about Floyd and his brother who intruded into Plaintiff's internet blocked him from using his emails from his doctor and from Bank of America.

In addition to these nonsensical and fantastical allegations, Plaintiff's complaint is filled with inconsistencies. While Plaintiff lists "Stephanie" as a governmental officer defendant, he attaches a copy of a filing he made with the California Department of Housing against Walmart in Sparks, Nevada, where he asserts that "Stephanie" was one of his co-workers. (ECF No. 1-1 at 7.) He also lists Floyd as a government officer, but later states that Floyd was last seen at Renown Regional Medical Center in 2020 as a transport driver for mental health. (ECF No. 1-2 at 9.) Plaintiff lists the address of "Floyd" and "Stephanie" as 1125 Avenue of the Oaks in Sparks, Nevada, but his employment filing also lists this as his own address at the time. (ECF No. 1-1 at 7.)

Moreover, Plaintiff names Walmart as a defendant, but there are zero allegations concerning Walmart.

As the Supreme Court has noted, "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "To prevent such abusive or captious litigation, § 1915(d) [now § 1915(e)(2)(B)(i)] authorizes federal courts to dismiss a claim filed [IFP] 'if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.'" *Id*. "Dismissals on these grounds are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and

expense of answering such complaints." *Id*. (citation omitted). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Id*. This term "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id*. Section 1915(e)(2)(B)(i) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id*. at 327. This includes "claims of infringement of a legal interest which clearly does not exist" and "claims describing fantastic or delusional scenarios." *Id*. at 327-28.

Plaintiff's complaint in case 3:21-cv-0264-MMD-CLB was dismissed on the same basis.

For these reasons, Plaintiff's action should be dismissed with prejudice.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) **GRANTING** Plaintiff's IFP application (ECF No. 1);

(2) Directing the Clerk to **FILE** the Complaint (ECF No. 1-1); and

(3) **DISMISSING** the Complaint **WITH PREJUDICE.**

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

     2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: January 4, 2022

*William G. Cobb*
William G. Cobb
United States Magistrate Judge